IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL THOMAS,                    *
                                   *
        Plaintiff,                 *
                                   *
                                   *  CIVIL ACTION NO. 23-00206-TFM-B
vs.                                *
                                   *
WELLS FARGO BANK,                  *
                                   *
        Defendant.                 *

**REPORT AND RECOMMENDATION**

This action is before the Court on Defendant Wells Fargo Bank, N.A.'s motion to dismiss Plaintiff Michael Thomas' amended complaint (Doc. 11). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Docs. 4, 10). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendant's motion (Doc. 11) be **GRANTED in part**, and that this action be **DISMISSED with prejudice.**

I.   **BACKGROUND**

Plaintiff Michael Thomas ("Thomas"), who is proceeding *pro se*, filed a complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1] and paid the filing fee for a civil action. (Docs. 1, 2). In his original complaint, Thomas asserted the existence

---

[1] The Defendant's name is listed as "Wells Fargo Bank" in Thomas' complaint and amended complaint. (Doc. 1 at 1-2; Doc. 8 at 1-2).

of federal question jurisdiction based on "Breach of Contract" and described his claim as follows: "I sent a Power of attorney proving I'm the agent acting on behalf of the principal along with instructions to the CFO.  I sent instructions three times with my endorsed bill of exchange and fiduciary duties was not performed."[2] (Doc. 1 at 3-4).  For relief, Thomas requested "1% of total assets because Federal Reserve Act Section 29 states after third tier the penalty is $1,000,000 a day or 1% of total assets . . . plus $5,000,000 attorney fees."  (Id. at 4).

On July 10, 2023, Wells Fargo filed a motion to dismiss Thomas' original complaint.  (Doc. 6).  On July 14, 2023, Thomas filed an amended complaint on his own initiative.[3]  (Doc. 8). Thomas' amended complaint superseded his original complaint and became the operative pleading in this case.  Wells Fargo's motion to dismiss the original complaint was therefore denied as moot. (Doc. 10).

In his operative amended complaint, Thomas asserts the existence of federal question jurisdiction based on: "Federal Reserve Act 29 (Breach of Fiduciary duty), Federal Reserve Act

---

[2] Unless otherwise indicated by brackets, quoted language from Thomas' *pro se* filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

[3] Thomas utilized a complaint form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" for both his original complaint and his amended complaint.  (See Docs. 1, 8).

Section 16 part 1 & 2, Bill of Exchange Act, 12 USC 1431, 15 USC 1605, 15 USC 1615, Cestui Que Vie Act." (Doc. 8 at 3). Thomas describes his claim as "Breach of Contract" and requests the following relief: "I want owed Interest and equity as well as title to vehicle, refund of every payment made over one dollar." (Id. at 4).

Thomas also attaches various documents to his amended complaint. (Id. at 6-25). These include a power of attorney form that purports to designate "Michael Thomas" as the "agent" for "MICHAEL THOMAS" as "principal," as well as three purported affidavits signed by "Michael Thomas" as "agent" on behalf of "MICHAEL THOMAS/Principal."[4] (Id. at 6-19, 21).

The first purported "Affidavit" attached to the amended complaint states:

> On the 18th day of April 2023, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal herby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal. I hereby instruct the CFO of WELLS FARGO BANK to transfer the principal's balance to the principal's account every monthly billing cycle for set off. I would like the title for the 2016 Subaru Legacy to be mailed to the principal's address that's on file. I instruct the CFO to communicate in writing within five (5) business days once the instructions are completed. If instructions are not completed, I instruct the CFO to respond within five (5) business days giving reason for non-performance of fiduciary duties. If no communication is made within five (5) business days I, Thomas, Michael/agent, on behalf of MICHAEL

---

[4] None of the purported affidavits were sworn to and subscribed before a notary. (See Doc. 8 at 18-19, 21).

THOMAS/PRINCIPAL can assume that the instructions have been completed.

(Id. at 18).

The second purported "Affidavit" subtitled "Opportunity to Cure (Second Tier)" states:

> On the 26th day of April 2023, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal herby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal. I hereby instruct the CFO of WELLS FARGO BANK to transfer the principal's balance to the principal's account# . . . for set off. I instruct the CFO to communicate in writing within five (5) business days once the instructions are completed. If instructions are not completed, I instruct the CFO to respond within five (5) business days giving reason for non-performance of fiduciary duties. If no communication is made within five (5) business days I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/PRINCIPAL can assume that the instructions have been completed.

(Id. at 19).

The third purported "Affidavit" subtitled "Default Judgement (Third Tier)" states:

> On the 4th day of May 2023, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal herby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal. I hereby instruct the CFO of WELLS FARGO BANK to transfer the principal's balance to the principal's account# . . . for set off. I instruct the CFO to communicate in writing within five (5) business days once the instructions are completed. If instructions are not completed, I instruct the CFO to respond within five (5) business days giving reason for non-performance of fiduciary duties. If no communication is made within five (5) business days I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/PRINCIPAL can assume that the instructions have been completed.

(Id. at 21).

Additionally, Thomas attaches correspondence from Wells Fargo providing payoff details for his auto loan, which Thomas apparently wrote on and returned to Wells Fargo along with his second purported affidavit.  (Id. at 20).  This document contains handwritten notations "By: Thomas, Michael/agent For: MICHAEL THOMAS/Principal" that include the terms "Accepted For deposit" and "Payable to bearer," along with handwritten instructions to "Pay on demand" the amount of $9,466.33, which was the payoff amount for Thomas' auto loan.  (Id.).  Thomas also attaches a Bill of Sale and other documents apparently relating to his purchase of a 2016 Subaru Legacy from Ethan Hunt Automotive, LLC.  (Id. at 22-25).

On July 28, 2023, Wells Fargo filed the instant motion to dismiss Thomas' amended complaint and a supporting memorandum. (Docs. 11, 11-1).  Wells Fargo argues that Thomas' amended complaint is due to be dismissed for lack of subject matter jurisdiction because none of the laws referenced in the amended complaint convey federal question jurisdiction in this case.  (Doc. 11-1 at 4-6).  Wells Fargo further argues that if the Court finds subject matter jurisdiction present, the amended complaint is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted.  (Id. at 6-8).

Thomas filed a timely response to the motion, which states that Wells Fargo's motion to dismiss should be denied for the following reasons:

> The breach of contract occurred when the first letter of instructions was sent to the CFO to transfer the principal's balance to the principal's account for set off and it wasn't done which was a violation of my rights. The violation was when I submitted my negotiable instrument for set off and it wasn't performed which made it a problem on behalf of the account, which I'm the beneficiary owner of the account, which made it a problem for me. I'm using the constitution and the defendant should state why I'm not able to use the Bill of Exchange Act. The defendant should state which constitution they are going by to keep me from claiming and using the interest and equity that's owed to the principal and using it to set off the account.

(Doc. 13).

Wells Fargo filed a reply to Thomas' response. (Doc. 14). Thomas then filed a second response in opposition to Wells Fargo's motion to dismiss, which was not timely filed and was filed without the Court's permission. (Doc. 15). Thus, Wells Fargo's motion to dismiss has been fully briefed and is ripe for resolution.

## II. <u>STANDARDS OF REVIEW</u>

### A. **Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction:

(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Federal district courts have subject matter jurisdiction in two primary types of cases. First, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, district courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a)(1).

"The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020) (citing Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); Fed. R. Civ. P. 8(a)). A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he "pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). A plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332 when he "presents a claim between parties of diverse

citizenship that exceeds the required jurisdictional amount [of] $75,000." Id.

A party may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) challenge to subject matter jurisdiction may take the form of a facial attack or a factual attack on the complaint. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam). In a facial attack, such as the one apparently made by Wells Fargo in this case, the court must evaluate whether the complaint alleges a sufficient basis for subject matter jurisdiction, while accepting all factual allegations as true for purposes of the motion. Id. at 1529. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction "must be without prejudice." McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1313 (11th Cir. 2021).

**B.  Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).

When evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017). That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A court reviewing a motion to dismiss under Rule 12(b)(6) must typically limit its consideration to the complaint and exhibits attached thereto. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam).

### C. *Pro Se* Litigation.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).  Even a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

As noted, Wells Fargo asserts that Thomas has failed to state a federal question and moves to dismiss his amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Doc. 11 at 1-2; Doc. 11-1 at 4-6).  As an alternative basis for dismissal, Wells Fargo contends that the amended complaint fails to state a claim upon which relief can be granted and moves to dismiss under Rule 12(b)(6).  (Doc. 11 at 1-2; Doc. 11-1 at 6-8).

In determining whether subject matter jurisdiction exists, courts must "respect the important distinction between the lack of subject matter jurisdiction and the failure to state a claim upon

which relief can be granted." _Blue Cross & Blue Shield of Ala. v. Sanders_, 138 F.3d 1347, 1351–52 (11th Cir. 1998).  A federal court may dismiss a claim invoking federal question jurisdiction under 28 U.S.C. § 1331 for lack of subject matter jurisdiction only if the claim "is not colorable, _i.e._, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  _Arbaugh_, 546 U.S. at 513 n.10 (quoting _Bell v. Hood_, 327 U.S. 678, 682–83 (1946)).  "[T]he category of claims that are 'wholly insubstantial and frivolous' is exceedingly narrow."  _Resnick v. KrunchCash, LLC_, 34 F.4th 1028, 1034 (11th Cir. 2022).  "To strip a district court of subject matter jurisdiction, a plaintiff's federal claim must have 'no plausible foundation, or [ ] the court [must] conclude[ ] that a prior Supreme Court decision clearly forecloses the claim.'"  _Id._ at 1035 (quoting _Barnett v. Bailey_, 956 F.2d 1036, 1041 (11th Cir. 1992)).  A district court should be even more reluctant to dismiss a case under Rule 12(b)(1) where the plaintiff is proceeding _pro se_.  _Simanonok v. Simanonok_, 787 F.2d 1517, 1520 (11th Cir. 1986).

For reasons explained below, the Court finds that Thomas' threadbare pleading fails to state a claim upon which relief can be granted.  The Court has also considered whether the amended complaint alleges a basis for this Court's subject matter jurisdiction, given that the complaint's factual content is so thin and some of the authorities referenced clearly cannot form

the basis for a federal claim.  See Taylor, 30 F.3d at 1366.  While it is questionable whether the amended complaint raises a federal question, the undersigned finds that some of Wells Fargo's arguments for dismissal under Rule 12(b)(1) arguably depend on Thomas' procedurally deficient pleading or relate to the merits of his claims.[5]  Accordingly, the undersigned submits that dismissal under Rule 12(b)(6) is the better approach here.

Assuming *arguendo* that subject matter jurisdiction exists, the undersigned finds that Thomas' amended complaint fails to articulate facts plausibly suggesting any entitlement to relief. The Court notes as a preliminary matter that Thomas' amended complaint violates the Federal Rules' requirements that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that a complaint's allegations must "be simple, concise, and direct."

---

[5] See Greene v. Discover Bank, 2024 U.S. Dist. LEXIS 3814, at *1, 5, 7-8, 2024 WL 85872, at *1-3 (N.D. Cal. Jan. 8, 2024) (where bank did not accept plaintiff's attempt to pay off his credit card account balance by mailing a payment coupon on which he had written that payment of his entire balance should be made "on demand," and plaintiff subsequently asserted claims against the bank that included an alleged violation of 15 U.S.C. § 1615, which obligates a creditor to "promptly refund any unearned portion of [an] interest charge to [a] consumer" where a consumer "prepays in full the financed amount under any consumer credit transaction," the court determined that to the extent the plaintiff based his claim on interest charged despite his attempts to pay his balance by mailing a marked-up payment coupon, the mailings did not constitute valid payments; thus, the court dismissed plaintiff's claims under Rule 12(b)(6)).

See Fed. R. Civ. P. 8(a)(2) & 8(d)(1). The threadbare allegations in Thomas' amended complaint form are neither plain nor direct. Indeed, Thomas labels his claim as one for "Breach of Contract" without providing even a single direct factual allegation in support of such a claim, and he attaches various documents to the amended complaint without offering any explanation as to the relevance of those documents to his complaint. Neither this Court nor Wells Fargo are required to sift through Thomas' attachments and other filings in an effort to decipher his legal theories or the factual grounds for his claims. Nevertheless, because the frivolous nature of Thomas' allegations is reasonably apparent based on a review of Thomas' pleadings, the Court will address Thomas' putative claims and the issues raised in Wells Fargo's motion to dismiss rather than requiring Thomas to replead in order to comply with Rule 8.

### A. Authorities Cited as the Basis for Federal Question Jurisdiction.

As noted *supra*, Thomas alleges that federal question jurisdiction exists because the following "federal statutes, federal treaties, and/or provisions of the United States Constitution" are at issue in this case: "Federal Reserve Act 29 (Breach of Fiduciary duty), Federal Reserve Act Section 16 part 1 & 2, Bill of Exchange Act, 12 USC 1431, 15 USC 1605, 15 USC 1615, Cestui Que Vie Act." (Id.). However, Thomas fails to articulate

any facts suggesting that Wells Fargo violated any of the statutes or other authorities referenced in his amended complaint.

First, to the extent Thomas seeks to assert claims under Sections 16 and 29 of the Federal Reserve Act, "district courts across the country have repeatedly rejected attempts to invoke these provisions as a private cause of action." Payne v. Spectrum, 2023 U.S. Dist. LEXIS 223441, at *5, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023); see White v. Lake Union Ga. Partners LLC, 2023 U.S. Dist. LEXIS 184024, at *3-5, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) ("Section 16 of the Federal Reserve Act . . . was codified as Subchapter XII of Title 12, Chapter 3 of the United States Code; 12 U.S.C. § 411, *et seq.* Multiple courts across the country have held that this section does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction. . . . Similarly, Section 29 of the Federal Reserve Act does not provide Mr. White with a cause of action. Section 29 of Federal Reserve Act was added by Financial Institutions Regulatory and Interest Rate Control Act of 1978, and was codified, as amended, at 12 U.S.C. § 504. But that statute provides that '[a]ny penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by (1) in the case of a national bank, by the Comptroller of the Currency; and (2) in the case of a State member bank, by the Board [of Governors of the Federal Reserve System].' 12 U.S.C. § 504(e). Courts have therefore

14

rejected attempts by private individuals to bring claims under that statute."); Morton v. Am. Express, 2023 U.S. Dist. LEXIS 209318, at *6, 2023 WL 7923927, at *3 (D.S.C. Oct. 18, 2023) (stating that "it is well settled that Sections 16 and 29 of the Federal Reserve Act do not create a private cause of action"); Harp v. Police & Fire Fed. Credit Union, 2023 U.S. Dist. LEXIS 139418, at *12, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) ("[T]o the extent that Harp seeks to assert a claim under the Federal Reserve Act, she lacks a cause of action to do so.  In her Complaint, Harp seems to suggest that PFFCU was violating Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411-21, which governs the issuance and redemption of Federal Reserve notes.  As a result, Harp alleges that PFFCU is subject to penalties under Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, which imposes penalties on banks for an array of misconduct.  But the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act."); Mims v. Bank of Am., 2023 U.S. Dist. LEXIS 226577, at *4, 2023 WL 8804324, at *2 (E.D. Tex. Dec. 20, 2023) (noting courts' "collective agreement that neither Section 16 nor Section 29 of the Federal Reserve Act creates a private right of action"); Escobar v. All. Credit Union, 2023 U.S. Dist. LEXIS 225734, at *10, 2023 WL 8720903, at *3 (N.D. Tex. Nov. 30, 2023) (finding

15

that Sections 16 and 29 of the Federal Reserve Act, "while federal law, do not create a private right of action"), report and recommendation adopted, 2023 U.S. Dist. LEXIS 224445, 2023 WL 8720693 (N.D. Tex. Dec. 18, 2023).

Next, as numerous courts have held when faced with similar complaints filed by *pro se* litigants seeking to evade their financial obligations, Thomas' unexplained reference to a "Bill of Exchange Act" does not provide him with a federal cause of action. See White, 2023 U.S. Dist. LEXIS 184024, at *6, 2023 WL 6036842, at *3 (finding that plaintiff's reference to a string of miscellaneous authorities, including "Bills of Exchange Act 1882," did not "provide him with a federal cause of action"); Wilson v. Aqua Fin., 2023 U.S. Dist. LEXIS 207303, at *9, 2023 WL 7924150, at *4 (D.S.C. Oct. 26, 2023) (finding that plaintiff's reference to "Bills of Exchange Act 1882" did not provide plaintiff with a federal cause of action); Slaughter v. US Cellular, 2023 U.S. Dist. LEXIS 230723, at *6-7, 2023 WL 9051307, at *3 (E.D. Wis. Dec. 29, 2023) ("The plaintiff says that the defendant has violated 'The Bill of Exchange Act,' but did not provide a citation.  The court has been unable to identify a federal statute with this name.  The British Parliament appears to have adopted a 'Bills of Exchange Act' in 1882 . . . . There is a Canadian statute called the 'Canada Bills of Exchange Acts.'  . . . These statutes do not apply to commercial transactions in the United States."); Griffin v. Gen.

Elec. Credit Union, 2023 U.S. Dist. LEXIS 163030, at *7, 2023 WL
5955735, at *3 (S.D. Ohio Sept. 13, 2023) ("In what may be intended
as a reference to federal law, Plaintiff includes an allegation
that the credit union has refused 'to accept my performance per
the Bill of Exchange Act of transferring accepted credits to the
account of performance of full contract continuing to
keep/withhold my securities.' . . . But again, the allegations as
pled require this Court to speculate as to both what law is
referenced and what violation is alleged."), report and
recommendation adopted, 2023 U.S. Dist. LEXIS 207449, 2023 WL
8022825 (S.D. Ohio Nov. 20, 2023); Des Rochers v. Moynihan, 2016
U.S. Dist. LEXIS 196284, at *5-6, 2016 WL 11584833, at *2 (W.D.
Tex. May 16, 2016) (finding plaintiff's "attempt to enforce an
English law in an American court" to be "legally frivolous" where
plaintiff purported to bring suit pursuant to the "Bills of
Exchange Act of 1882"); Sabrina v. Scott Credit Union, 2023 U.S.
Dist. LEXIS 218355, at *2-3, 2023 WL 8470105, at *1 (S.D. Ill.
Dec. 7, 2023) ("The Plaintiff cites the Bill of Exchange Act, which
is a Canadian law.  Canadian law does not apply here; thus the
Plaintiff's claims under foreign law are invalid."); Harp, 2023
U.S. Dist. LEXIS 139418, at *4 & n.1, 2023 WL 5152625, at *1 & n.1
(where plaintiff accused defendant of violating its obligations
under the "Bills of Exchange Act" by failing to recognize her
manufactured documents as legal tender, noting that "[t]here is no

17

Act of Congress with this title"); Payne, 2023 U.S. Dist. LEXIS 223441, at *5, 2023 WL 8681199, at *2 ("Plaintiff is not able to pursue civil remedies under the Bill of Exchange Act . . . , and the undersigned finds these claims to be legally frivolous. . . . The Bill of Exchange Act of 1882 is a Canadian statute with no application here.").

Thomas also lists 12 U.S.C. § 1431, "which defines the powers and duties of the Federal Home Loan Banks." Anderson v. Navy Fed. Credit Union, 2023 U.S. Dist. LEXIS 180090, at *4, 2023 WL 6481518, at *2 (W.D. Wash. Oct. 5, 2023). However, Thomas fails to allege any facts relating to this statute or suggesting how it might apply to his claims against Wells Fargo. Thomas' unexplained reference to 12 U.S.C. § 1431 does not state a viable claim under the statute. See White, 2023 U.S. Dist. LEXIS 184024, at *6, 2023 WL 6036842, at *3 (N.D. Ga. July 14, 2023) (finding that plaintiff's reference to a string of miscellaneous authorities, including "12 U.S.C. § 1431," did not "provide him with a federal cause of action"); Stephens v. Regal Car Sales & Credit, 2023 U.S. Dist. LEXIS 56021, at *6-7, 2023 WL 2760061, at *3 (N.D. Okla. Mar. 31, 2023) (finding that "Plaintiff has not alleged a colorable claim arising under federal law" where plaintiff alleged that defendants violated 12 U.S.C. § 1431 but made no specific factual allegations in support of such a claim); Wilson v. City of Cayce, 2023 U.S. Dist. LEXIS 207301, at *8-9, 2023 WL 7924163, at *4 (D.S.C. Oct. 26, 2023)

(finding that plaintiff's bare reference to 12 U.S.C. § 1431 did not provide her with a federal cause of action); Barnes v. Santander Consumer USA, Inc., 2023 U.S. Dist. LEXIS 47903, at *11-12, 14, 2023 WL 2585537, at *4-5 (N.D. Ohio Mar. 21, 2023) ("Plaintiff cites to several statutes that appear irrelevant to the facts alleged in this Complaint. These include . . . 12 U.S.C. § 1431 (defining the powers of banks) . . . . She fails to allege any facts to suggest how these statutes might apply. . . . I conclude [that plaintiff's pleadings] fail to state a claim upon which relief may be granted.").

Thomas also cites 15 U.S.C. § 1605, a portion of the Truth in Lending Act ("TILA") which sets forth items that should and should not be included when a finance charge is calculated. However, the amended complaint fails to provide any facts to suggest how this statute applies to the circumstances of this case or was violated by Wells Fargo. Accordingly, the complaint fails to state a claim under 15 U.S.C. § 1605. See, e.g., Parker v. Reg'l Acceptance Corp., 2021 U.S. Dist. LEXIS 172099, at *5-6, 2021 WL 4137527, at *3 (D.S.C. Sept. 10, 2021) ("Parker fails to allege any facts from which the court, using even the most liberal construction, can discern how Regional violated any disclosure obligations imposed by [15 U.S.C.] § 1605 or any other provision set forth in [the Truth in Lending Act]. Thus, the court concludes that Parker has failed to state a claim under TILA."); Clark v. Carvana, 2021 U.S.

Dist. LEXIS 115841, at *9-10, 2021 WL 2478570, at *3 (N.D. Ga. Apr. 28, 2021) ("[A]s for Clark's claim based on [15 U.S.C.] § 1605 that defendants took cash in a consumer credit transaction in which a finance charge was involved, . . . he does not elaborate on this claim or provide any facts in support, and his allegation is therefore insufficient to state a plausible claim for relief.").

Thomas further references 15 U.S.C. § 1615, which "obligates a creditor to 'promptly refund any unearned portion of [an] interest charge to [a] consumer" where a consumer 'prepays in full the financed amount under any consumer credit transaction.'" Greene v. Discover Bank, 2024 U.S. Dist. LEXIS 3814, at *7, 2024 WL 85872, at *3 (N.D. Cal. Jan. 8, 2024) (quoting 15 U.S.C. § 1615(a)(1)). Again, however, Thomas fails to allege any facts in support of his claim. To the extent Thomas' amended complaint can be construed to suggest that Wells Fargo violated § 1615 by charging interest after failing to accept his "endorsed bill of exchange"[6] (i.e., the letter on which Thomas had handwritten an array of financial buzzwords) as payment for his remaining auto loan balance, Thomas' submissions plainly did not constitute valid loan payments. See id., 2024 U.S. Dist. LEXIS 3814, at *8, 2024 WL 85872, at *3; see also Slaughter, 2023 U.S. Dist. LEXIS 230723,

---

[6] See Doc. 15 at 1 (Thomas' assertion that he "sent an endorsed bill of exchange, and the Defendant didn't accept it [and] denied it as a form of payment").

at *9, 2023 WL 9051307, at *5 (dismissing plaintiff's claim that defendant's alleged refusal to accept his "Bill of Exchange" as payment for his cell phone bill violated 15 U.S.C. § 1615 because "the defendant is not a consumer credit lender and the plaintiff has not alleged that he is owed a refund of unearned interest on a consumer credit transaction").  Accordingly, Thomas has failed to plausibly allege that Wells Fargo violated 15 U.S.C. § 1615.

Finally, Thomas purports to bring a claim under the Cestui Que Vie Act of 1666, "a seventeenth century Act of the English Parliament that presumes a person is dead if there is no 'sufficient and evident proofe' that the person is still alive, for instance if a person is lost at sea." Faulkner v. Decker, 2023 U.S. Dist. LEXIS 223978, at *1, 2023 WL 8653847, at *1 (D. Idaho Dec. 14, 2023).  However, this English law appears to have no application to Thomas and in any event plainly provides him with no federal cause of action.  See White, 2023 U.S. Dist. LEXIS 184024, at *3-5, 2023 WL 6036842, at *2 (finding that plaintiff's reference to the "Cestui que Vie Act 1666" did not provide him with a colorable federal cause of action).  Indeed, Thomas' reliance on the Cestui Que Vie Act "appears to be derived from popular but erroneous 'Constitutionalist' or 'sovereign citizen' theories of government" that have "been consistently rejected by the courts." Faulkner, 2023 U.S. Dist. LEXIS 223978, at *5, 2023 WL 8653847, at *2; see Wood v. United States, 161 Fed. Cl. 30, 34-

35 (Fed. Cl. 2022) ("Sovereign citizens also sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court. . . . In short, the legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement."); Anderson, 2023 U.S. Dist. LEXIS 180090, at *7, 2023 WL 6481518, at *3 ("Although Anderson does not expressly state he is a 'sovereign citizen,' his allegations, explanations, and exhibits are all demonstrative of his claims being rooted in sovereign citizen ideology.  Specifically, Anderson cites the Cestui Que Vie Act of 1666 as basis for federal question jurisdiction and includes a document entitled 'DURABLE POWER OF ATTORNEY[,]' both of which are tied to theories associated with the sovereign citizen movement.") (internal citation omitted).

**B.   Breach of Contract and Breach of Fiduciary Duty.**

As noted, Thomas describes his claim as one for "Breach of Contract."  (Doc. 8 at 4).  To the extent Thomas is attempting to assert a standalone claim for breach of contract, that cause of action is presumed to arise under state law, not federal law.  "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." Tangen v. Ideacom of the Gulf Coast, Inc., 590 F. App'x 836, 838 (11th Cir. 2014) (per

curiam) (quoting Shaffer v. Regions Fin. Corp., 29 So. 3d 872, 880 (Ala. 2009)).

Thomas does not plead facts plausibly suggesting that each of the above-listed elements are met.  Thomas has not identified any specific contractual provision that he believes has been breached. More fundamentally, to the extent Thomas suggests that handwriting financial buzzwords on loan-related correspondence and repeatedly sending "instructions" to "transfer the principal's balance to the principal's account# . . . for set off" amounted to legitimate performance under a contract, Thomas' assertion is highly implausible and, indeed, frivolous.  Also highly implausible is Thomas' suggestion that Wells Fargo's failure to comply with his nonsensical demands amounted to nonperformance under a contract between the parties.  See Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 758-60 (W.D. Va. 2007) (finding plaintiff's "claim that tendering the Bill of Exchange amounted to legitimate performance of the contract . . . highly implausible" when "the legal authorities [plaintiff] cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper"), aff'd, 282 F. App'x 260 (4th Cir. 2008) (per curiam); McGee v. Nissan Motor Acceptance Corp., 619 F. App'x 555, 555-56 (7th Cir. 2015) (finding plaintiff's assertion that his loan obligations were discharged by lender's refusal to honor a "bill of exchange" that plaintiff said made the United States

Treasury responsible for his debt to be frivolous); Harp, 2023 U.S. Dist. LEXIS 139418, at *8-9, 2023 WL 5152625, at *3 (dismissing with prejudice breach of contract claim where it was clear from the complaint's exhibits that plaintiff's "bill of exchange" was not valid legal tender for payment of credit card debt, and "rather than a legally enforceable document noting an existing debt that [defendant] owed to her, [plaintiff] simply handwrote an array of financial buzzwords on her credit card statement and tried to pass this off to [defendant] as valid legal tender for *her* credit card debt") (emphasis in original). Additionally, to the extent Thomas seeks to bring a breach of contract claim under any of the sources cited in his complaint as bases for federal question jurisdiction, he fails to state a plausible claim for relief under those authorities for the reasons previously discussed.

Thomas also alleges "(Breach of Fiduciary duty)" in connection with his assertion that Section 29 of the Federal Reserve Act is at issue in this case. (Doc. 8 at 3). To state a claim for breach of fiduciary duty under Alabama law, "a party must allege: (1) the existence of a fiduciary relationship between the parties; (2) a breach of the fiduciary duty; and (3) damages caused by the breach." Prudential Mut. Fund Servs., LLC v. Meredith, 2021 U.S. Dist. LEXIS 136582, at *12, 2021 WL 3116819, at *4 (S.D. Ala. July 22, 2021). The amended complaint is utterly

devoid of facts plausibly suggesting the existence of a fiduciary relationship between Wells Fargo and Thomas or that Wells Fargo breached any fiduciary duty to Thomas, either by refusing to accept Thomas' "endorsed bill of exchange" as payment or otherwise. Thus, to the extent Thomas seeks to assert a standalone breach of fiduciary duty claim, he fails to allege facts in support of such a claim. And, to the extent Thomas asserts a breach of fiduciary duty claim under Section 29 of the Federal Reserve Act, he fails to state a viable claim because Section 29 of the Federal Reserve Act does not create a private cause of action.

### C.   Dismissal With Prejudice.

Wells Fargo asserts that Thomas' claims rely on theories that have been wholly rejected by federal courts and argues that the amended complaint should be dismissed with prejudice. (Doc. 11-1 at 2). Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a deficient complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied if amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). Here, the undersigned concludes that the most glaring defects in Thomas' amended complaint are substantive, such that any further amendments would be futile. More specifically, as the Court has

explained previously,[7] Thomas' pleadings bear unmistakable hallmarks of the sovereign citizen movement and are plainly founded on redemptionist legal theories that have been uniformly rejected as a frivolous waste of court resources.[8]

Thomas' amended complaint and other filings in this action are similar to many others "filed by *pro se* litigants filled with frivolous and nonsensical quasi-legal assertions and baseless theories in an attempt to avoid paying their debts and the consequences of their failure to pay their debts, in particular by alleging that they have satisfied their obligations through their own manufactured documents rather than legal forms of payment." White v. Regular-Ascendant Holidays, 2023 WL 8797513, at *3 (N.D. Ga. Oct. 25, 2023).  The legal authorities Thomas cites and the documents he attaches to his complaint reflect that, like many other borrowers who have attempted to discharge their debts under

---

[7] See Thomas v. Servbank, 2023 U.S. Dist. LEXIS 218115, at *17-23 (S.D. Ala. Dec. 7, 2023) (explaining why the claims in Thomas' pending actions bear hallmarks of discredited sovereign citizen and redemptionist legal theories and are frivolous).

[8] Thomas filed several substantially similar actions in June 2023 that appear to be predicated on the same bizarre and frivolous legal theories presented in this action. See Thomas v. All In Credit Union, No. 1:23-cv-00215-TFM-B (S.D. Ala. 2023); Thomas v. Capital One, No. 1:23-cv-00216-TFM-B (S.D. Ala. 2023); Thomas v. Family Security Credit Union, No. 1:23-cv-00222-TFM-B (S.D. Ala. 2023); Thomas v. Servbank, No. 1:23-cv-00223-TFM-B (S.D. Ala. 2023); Thomas v. BMO Harris Bank, No. 1:23-cv-00224-TFM-B (S.D. Ala. 2023); Thomas v. Progressive, No. 1:23-cv-00225-TFM-B (S.D. Ala. 2023).

a redemption theory by unilaterally issuing "bills of exchange" or similar manufactured documents, he did not tender valid payment "but rather a worthless piece of paper" when he "simply handwrote an array of financial buzzwords" on his loan correspondence "and tried to pass this off" to Wells Fargo as valid payment for his auto loan.  See Bryant, 524 F. Supp. 2d at 760; Harp, 2023 U.S. Dist. LEXIS 139418, at *8-9, 2023 WL 5152625, at *3.

Like the redemptionist theory itself, Thomas' legal arguments are convoluted.  (See Docs. 9, 13, 15).  Nevertheless, it is readily apparent despite the nonsensical nature of Thomas' arguments that the obscurely pled claims in his amended complaint are predicated on a variation of the redemptionist legal theory, which is fundamentally frivolous.  Consequently, any amendments to Thomas' amended complaint would be futile and non-curative.  Thus, this action should be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV.  CONCLUSION

For the reasons set forth above, the undersigned recommends that Wells Fargo's motion to dismiss Thomas' amended complaint (Doc. 11) be **GRANTED in part**, and that this action be **DISMISSED with prejudice**.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **12th** day of **January, 2024.**

                                    /s/ SONJA F. BIVINS
                          UNITED STATES MAGISTRATE JUDGE